IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MATTHEW CERVANTEZ, Individually and on behalf of all others similarly situated under 29 USC 216(b)<br><br>*Plaintiff,*<br><br>v.<br><br>**TDT CONSULTING, LLC**<br><br>*Defendant.* | Civil No. 3:18-cv-2547 |

## COMPLAINT

Matthew Cervantez ("Plaintiff") on behalf of himself and all others similarly situated individuals, brings suit against TDT Consulting, LLC ("Defendant" or "TDT") to recover unpaid minimum wage and overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 – 219 ("FLSA").

### I. INTRODUCTORY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") by Plaintiff, on behalf of himself and all others similarly-situated. *See* 29 U.S.C. § 216(b).

2. Congress passed the Fair Labor Standards Act in 1938 in an effort to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals

1

by providing a minimum wage, the prohibition of more than forty (40) hours in a single workweek without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

3. Defendant misclassified Plaintiff and Class Members as "independent contractors," when in fact, they were Defendant's employees.

4. Plaintiff and Class Members, who were Defendant's employees, routinely worked in excess of forty (40) hours in a workweek.

5. Plaintiff and Class Members were not paid overtime at a rate of one-and-one-half times their regular rates for all hours worked in excess of forty (40) per workweek.

6. Defendant knowingly and deliberately failed to compensate Plaintiff and Class Members for all hours worked in excess of forty (40) hours in each workweek.

7. Plaintiff and Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.

8. Accordingly, Plaintiff and Class Members bring this collective action to recover all unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for under Section 216(b) of the FLSA. Plaintiff also prays that all similarly situated workers (Class Members) be notified of the pendency of this action to apprise

them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II. PARTIES

9. Plaintiff, Matthew Cervantez, is an individual, who was employed by Defendant within the three (3) years preceding the filing of this lawsuit. Mr. Cervantez' consent is attached to this Complaint as "*Exhibit A.*"

10. Class Members are those current and former Solids Control Technicians who were misclassified by Defendant as independent contractors in the three-years preceding the filing of this lawsuit and were not paid overtime ("Class Members"). Class Members will "opt in" pursuant to Section 16(b) of the FLSA. *See* 29 U.S.C. § 216(b).

11. Defendant TDT Consulting, LLC ("TDT") is a Texas limited liability company. TDT can be served with process by serving its registered agent, Tara Lane, at 6617 Shadow Valley Drive, Burleson, Texas 76028.

## III. JURISDICTION AND VENUE

12. This Court has federal question jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 216(b) and 28 U.S.C. §§ 1331, 1337.

13. This Court has personal jurisdiction over Defendant because Defendant is headquartered in Texas and employing Texas residents (including Plaintiff) to perform work in Texas on behalf of Defendant.

14. Pursuant to 28 U.S.C. § 1391 venue is proper in the Northern District because Defendant's registered office is in Johnson County and is a resident of

Johnson County, which is located within this District and Division.

## IV. FLSA COVERAGE

15. At all times mentioned, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

16. At all times mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level, which are separately stated).

19. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993).

20. Specifically, Plaintiff and Class Members are (or were) non-exempt employees who worked to manage and transport drilling fluids and waste for

Defendant. Further, Plaintiff and Class Members have handled materials and goods that have been moved or produced in interstate commerce, which Defendant purchased or used in its business operation.

## V. FACTUAL ALLEGATIONS

21. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) for the year 2015.

22. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) for the year 2016.

23. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax) for the year 2017.

24. Upon information and belief, Defendant had gross receipts in excess of $500,000 (exclusive of excise tax), cumulatively, encompassing the four (4) quarters preceding the filing of this lawsuit.

25. To provide its services, Defendant employs workers such as Plaintiff and Class Members who, at the direction and instruction of Defendant, process the cuttings that come out of the ground during the drilling process at oil rigs.

26. Specifically, Defendant hired Plaintiff and Class Members to remove, clean, measure, load, and transport cuttings, as well as maintain and clean the equipment used to remove the cuttings during the drilling process.

27. The equipment and tools used by Plaintiff and Class Members to perform their jobs were provided by Defendant.

28. Plaintiff and Class Members conduct their day-to-day activities within

designed parameters and in accordance with pre-determined operational plans coordinated by Defendant. Plaintiff and the Putative Class Members' daily and weekly activities are routine and largely governed by standardized plans, procedures, and checklists created by Defendant.

29. Virtually every job function is pre-determined by Defendant, including the tools to use at a job site, the work schedule, and related work duties.

30. Moreover, Plaintiff and Class Members' job functions and duties are labor intensive in nature. Indeed, Plaintiff and Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform the tasks assigned to them by Defendant.

31. Plaintiffs and Class Members' duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

32. Plaintiff and Class Members did not have the authority to hire or fire Defendant's other employees, if any, and they are not responsible for making hiring or firing recommendations.

33. Defendant set Plaintiff and Class Members' work schedules and coordinated the hours and days worked by Plaintiff and Class Members. During their employment, Plaintiff and Class Members regularly worked twelve (12) or more hours in a single day for periods of up to fourteen (14) consecutive days in a row.

34. In fact, it is Defendant's pattern and practice to schedule Plaintiff and Class Members to work fourteen (14) consecutive days at twelve (12) hours per day, which is then followed by seven (7) consecutive days off from work.

35. It is the pattern and practice of Defendant to employ and schedule Plaintiff and Class Members to work hours longer than forty (40) hours in a single workweek.

36. However, Defendant did not and does not pay Plaintiff and Class Members one-and-one-half their regular rate for any hours Plaintiff and Class Members worked over forty (40) in a workweek.

37. Instead, Defendant pays Plaintiff and Class Members the same for rate of pay for all hours worked, including any hours worked over forty (40) in a single workweek, even though Plaintiff and Class Members are not-exempt from overtime.

38. Plaintiff and Class Members regularly worked more than forty (40) hours in a single workweek.

39. During the three-year period preceding the filing of this lawsuit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiff.

40. Defendant employed Plaintiff and Class Members within the three (3) year period preceding the filing of this lawsuit and did not pay Plaintiff and Class Members one-and-one-half their regular rate for any hours worked over (40) in a workweek.

41. Defendant's method of paying Plaintiff in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

42. Defendant's method of paying Plaintiff and Class Members in violation

of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

43. Defendant is an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendant failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

44. During the three-year period prior to this suit, Defendants have employed individuals who performed similar job duties under a similar payment scheme as was used to compensate Plaintiff.

## VI. COLLECTIVE ACTION ALLEGATIONS

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. Plaintiff (the "Collective Action Representative") bring this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff bring this action as representatives of all similarly-situated former and current employees of Defendant. The proposed collective of similarly situated employees ("Class Members")

sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All Solid Control Technicians who were misclassified as independent contractors while performing work for TDT Consulting, LLC, throughout the United States within three-years preceding the filing of this lawsuit through the final disposition of this matter.**

47. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

48. Plaintiff, individually and on behalf of other similarly-situated employees, seek relief on a collective basis challenging, among other FLSA violations, the following: Defendant's failure to pay employees overtime compensation.

49. Plaintiff is aware of other employees who work for Defendant who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendant have been uniformly imposed on the Class Members.

50. Plaintiff and the Class Members all have the same pay structure and have similar job duties. Plaintiff and Class Members are all victims of Defendant's unlawful practices.

51. Plaintiff and the Class Members are all non-exempt for purposes of overtime pay under the FLSA.

52. Defendant's failure to pay overtime compensation pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Plaintiff's experience regarding pay is typical of the experiences of the Class Members.

53. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of wrongful conduct caused harm to Plaintiff and the Class Members that supports Defendant's FLSA liability.

### VII. CAUSE OF ACTION NO. 1: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

54. The foregoing paragraphs are fully incorporated herein.

55. At all material times, Plaintiff and Class Members have been employees of Defendant.

56. Plaintiff and Class Members are all non-exempt for purposes of overtime under the FLSA.

57. During the relevant period, Defendant has violated and is violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay Plaintiff and Class Members at a rate of not less than one-and-one-half times their regular rate for every hour worked over forty (40) in each workweek.

58. Plaintiff and Class Members' regular rate must include all compensation, bonuses, and other remuneration paid by Defendant for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

59. None of the exemptions or defenses provided by the FLSA regulating the

duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendant, Plaintiff, or Class Members.

## VIII. JURY DEMAND

60. Plaintiff' request a trial by jury.

## IX. DAMAGES SOUGHT

61. Plaintiff and Class Members are entitled to recover compensation for the hours worked over forty (40) in a workweek, but for which Plaintiff and Class Members were not paid at one-and-one-half times their regular rate. The regular rate shall include all remuneration paid by Defendant. *See* 29 C.F.R. 778.208.

62. Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid overtime wages and fees as liquidated damages as Defendant's actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

63. Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## X. PRAYER

64. For the foregoing reasons, Plaintiff and Class Members respectfully request that judgement be entered in their favor, against Defendant, awarding Plaintiff and Class Members the following relief:

   A. For an Order pursuant to Section 216(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit);

   B. In the event liquidated damages are not awarded, for an order awarding

Plaintiff (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

C. For an order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

D. For an order awarding Plaintiff (and those who may join in the suit) the costs of this action; and

E. For an order granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann
Texas Bar No. 24104030
pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry Street, Suite 2365
Fort Worth, Texas 76102
Telephone: (817) 479-9229
Fax: (817) 887-1878

ATTORNEYS FOR PLAINTIFF
AND CLASS MEMBERS